**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION**

| | | |
|---|---|---|
| SHAIRIQ SEABROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **CASE NO. 1:11-0078** |
| | ) | **JUDGE TRAUGER/KNOWLES** |
| | ) | |
| | ) | |
| C.C.A. - MEDICAL DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a document filed by the pro se Plaintiff headed "Plaintiffs Request For Specific Relief Due to Default." Docket No. 50. The instant request was submitted after the Clerk entered a default against Defendant Herbert Layas. Docket No. 42. The Clerk's "Entry of Default" stated in relevant part:

> Defendant Layas was served on November 21, 2011 and has not filed an answer or other responsive pleading within the time frame permitted by law. Accordingly, Entry of Default is appropriate against him.
>
> The Clerk hereby enters default against Defendant Herbert Layas. Plaintiff may now proceed under Federal Rule of Civil Procedure 55(b)(2) and file a motion seeking specific relief in a default judgment from the Court.

*Id.*

In the instant request, Plaintiff seeks a judgment against Defendant Layas of $100,000, plus court costs and filing fees. Docket No. 50.

Fed. R. Civ. P. 55(c) states, "The court may set aside an entry of default for good

cause . . . ." For the reasons discussed below, the undersigned concludes that the Clerk's Entry of Default against Defendant Layas must be set aside.

As discussed above, the Clerk's "Entry of Default" stated that Defendant Layas was served on November 21, 2011. The record reflects that process was served on Defendant Layas by the U.S. Marshals Service. Defendant Layas was served at South Central Correctional Facility ("SCCF"), where he was an inmate. Docket No. 21, p. 1, in Case No. 1:11-0079. The "process receipt and return" states in relevant part as follows:

> 11/18/11 - Sent by certified mail
> 11/21/11 - Accepted service

*Id.*

The attached return receipt card was signed not by Defendant Layas, but by "Theis," as "Agent." *Id*., p. 3.

Fed. R. Civ. P. 4(e), which governs service of process upon an individual within a judicial district of the United States, states:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>   (A) delivering a copy of the summons and the complaint to the individual personally;
>
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent
authorized by appointment or by law to receive
service of process.

Defendant Layas was not personally served, nor is there any indication in the record that "Theis" resides at SCCF. Thus, proper service could have been made only under Rule 4(e)(1) or 4(e)(2)(C).

With regard to Rule 4(e)(2)(C), there is no indication that "Theis" is an Agent authorized by appointment or by law to receive service of process for Defendant Layas.

Considering Rule 4(e)(1), state law for serving a summons in an action brought in courts of general jurisdiction in the state of Tennessee is governed by Tenn. R. Civ. P. 4.04. Specifically, Rule 4.04(10) provides in relevant part:

> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute . . . Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute.[1]

(Footnote added.)

The record does not contain a return receipt showing personal acceptance by Defendant Layas. Additionally, there is no indication that "Theis," who apparently personally accepted the mailed summons and complaint, is a person designated by Rule 4.04 or statute to receive service

---

[1] Tenn. R. Civ. P. 4.04(1) also provides that service may be made upon an individual other than an unmarried infant or an incompetent person by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering copies to an agent authorized by appointment or by law to receive service on behalf of the individual served. As discussed above, none of these provisions applies in the case at bar.

3

of process for Defendant Layas.[2]

For the foregoing reasons, the undersigned recommends that the default entered against Defendant Layas be set aside.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge

---

[2] The only statute the Court has been able to locate regarding service of process on inmates is T.C.A. § 41-21-301, which provides:

> Process in a civil action against an inmate in the penitentiary may be served by the proper officer, in the presence of the warden or the assistant warden, and returned as in other cases.

T.C.A. § 41-21-301 does not appear to have any application in the instant case.