IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

SHAIRIQ SEABROOKS,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　) CASE NO. 1:11-0078
　　　　　　　　　　　　　　　　　　　) JUDGE TRAUGER/KNOWLES
　　　　　　　　　　　　　　　　　　　)
C.C.A. -MEDICAL DEPT.,　　　　　　　 )
TN. DEPARTMENT of CORRECTIONS,　　　)
CORRECTIONS CORPORATION OF　　　　　)
AMERICA,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　)

**CONSOLIDATED WITH**

　　　　　　　　　　　　　　　　　　　)
SHAIRIQ SEABROOKS,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　) CASE NO. 1:11-0079
vs.　　　　　　　　　　　　　　　　　) JUDGE TRAUGER/KNOWLES
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
HERBERT LAYAS, et al.,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　)

**REPORT AND RECOMMENDATION**

This matter is before the Court *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(ii), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the

court determines that –

. . .

(B) The action or appeal –

. . .

(ii) fails to state a claim upon which relief may
be granted. . . .

Each of these consolidated cases is a pro se in forma pauperis action filed by an inmate in the custody of the Tennessee Department of Correction. Docket No. 1 (in both cases). Plaintiff's claims arise from an incident that occurred on April 28, 2011, while Plaintiff was incarcerated at the South Central Correctional Facility. Plaintiff claims that on that date, he was assaulted by another inmate, Herbert Layas, and stabbed six times with a metal shank. He avers that an "on duty staff security officer" negligently allowed the opportunity for the incident to occur. He further claims that he did not receive appropriate medical care for his injury.

Plaintiff filed two separate lawsuits as a result of the incident. In the first lawsuit, Plaintiff sued three Defendants: "C.C.A. - Medical Dept.," "Tn. Department of Corrections," and "Corrections Corporation of America." Docket No. 1, Case No. 1:11-0078, p. 1-2. Plaintiff's "Statement of Your Claim" in the Complaint states as follows:

> 1. On the date of 4-28-11 plaintiff was escorted to C.C.A. - Medical Department at South Central Correctional Facility, where he receive no care for wounds wich occurred from a assault by another inmate where he was stabbed "6" times with a metal shank.
>
> 2. Plaintiff recieved no care for stabb wounds despite multiple request and complaints for and extended time period of 21 days wich forced him to endure great physical pain from the date of 4-28-11 until 5-19-11.
>
> 3. Plaintiff recieved no care for mentaul sufferage despite multiple request and complaints for an extended time period of 46 days

2

> wich force plaintiff to suffer great mental sufferage from the date
> of 4-28-11 until 6-13-11.
>
> 4. Defendant C.C.A. - Medical Department failed to provide due
> standard of care by not rendering adequate timely assistance, and
> in doing so inhumanly treated plaintiff causing a maxium amount
> of sufferage throughout a extended time period.
>
> 5. Defendant Corrections Corporation of America maintains
> corporate liability over defendant C.C.A. - Medical Dept., and is
> liable for plaintiff.
>
> 6. Defendant Tn. Department of Corrections maintains vicarious
> liability over defendant Corrections Corp. of America, and is liable
> for plaintiff.
>
> 7. At all times hereto plaintiff acted with due care and was not
> contributory to occurrences.

*Id.*, p. 4-5.

In the second lawsuit, Plaintiff sued four Defendants: Herbert Layas, Gabriel Ray, Corrections Corporation of America, and the Tennessee Department of Correction. Docket No. 1, Case No. 1:11-0079, p. 1-2. Plaintiff's "Statement of Your Claim" in that Complaint states as follows:

> 1. On the date of 4-28-11 at approx. 5:20 p.m. while leaving South
> Central Correctional Facilities dinning hall plaintiff was assaulted
> by defendant Herbert Layas and stabbed six times with a metal
> shank.
>
> 2. Defendant Gabriel Ray was on duty staff security officer who
> failed to enforce due standard of security, and who's negligence
> allowed opportunity for occurrence of incident.
>
> 3. Defendant Gabriel Ray niether attempted to prevent or
> intervenne within assault as his duty required.
>
> 4. Defendant Corrections Corporation of America is liable for
> plaintiff, and maintains corporate liability over South Central
> Correctional Facility, whose staff also ignored plaintiff and

3

> plaintiffs families forewarning, as well as provided inadequate
> security.
>
> 5. Defendant Tn. Department of Corrections is liable for plaintiff,
> and maintains vicarious liability over Corrections Corporations of
> America.
>
> 6. At all times hereto plaintiff acted with due care and was not
> contributory to negligence during occurrences.
>
> 7. As a direct proximate result of the defendants actions plaintiff
> suffered great physical pain, anxiety, anguish, severe shock to the
> nervous system, humiliation, and embarrassment. He continues to
> suffer the same and will suffer the same for an indefinite time
> period.

*Id*., p. 4-5.

The Tennessee Department of Correction has been dismissed as a Defendant in both actions. Docket Nos. 51, 60. Additionally, Judge Trauger has previously entered an Order dismissing Plaintiff's claims against Defendant Herbert Layas. Docket No. 75. Thus, there are three remaining Defendants: "C.C.A. - Medical Dept.," "Corrections Corporation of America," ("CCA") and "Gabriel Ray."

Plaintiff's Complaint does not specify the capacity in which he sues Defendant Ray. When a plaintiff fails to specify the capacity in which a defendant has been sued, the Court "must assume" that defendant is being sued in his official capacity. *Whittington v. Milby,* 928 F.2d 188, 193 (6th Cir. 1991), *citing Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). Thus, Defendant Ray is deemed to be sued in his official capacity.

Because he is sued in his official capacity, Defendant Ray stands in the shoes of the entity he represents, CCA. *Claybrook v. Birchwell,* 199 F.3d 350, 355 n.4 (6th Cir. 2000), *citing Kentucky v. Graham*, 473 U.S. 159, 65 (1985). *See also Frost v. Hawkins County Bd. of Educ.,*

4

851 F.2d 822, 827 (6th Cir. 1988). In order for CCA to be subject to liability under § 1983, Plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of the policy with 'deliberate indifference' toward the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris,* 489 U.S. 378, 387-88 (1989). *See also Monell v. Dept. of Soc. Serv.,* 436 U.S. 658, 690-91. Thus, in order to state a claim against CCA Plaintiff must allege facts that show or imply the existence of a constitutionally deficit policy or custom that caused him injury. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

Plaintiff does not aver that any of Defendant Ray's actions or inactions were the result of a policy or custom of C.C.A. Thus, Plaintiff has failed to state a claim upon which relief can be granted with regard to Defendant Ray.[1]

It is clear from Plaintiff's Complaint that he seeks to sue CCA and C.C.A. - Medical Dept. (to the extent that that entity has the capacity to be sued) for the actions of their employees. Neither of these Defendants, however, can be liable for the actions of its employees under a theory of respondeat superior or vicarious liability.[2] *Street v. Corrections Corp. of Am.,* 102 F.3d 810, 818 (6th Cir. 1996), *citing Monell v. Dept. of Social Serv., supra.*

For the foregoing reasons, the undersigned recommends that this action be DISMISSED

---

[1] Plaintiff specifically refers to the negligence of Defendant Ray. A claim that a prison official negligently failed to protect an inmate from an assault by another inmate is not actionable under § 1983. *Davidson v. Cannon,* 474 U.S. 344 (1986).

[2] Moreover, neither of these entities can be liable for the actions or inactions of Defendant Ray under a theory of respondeat superior or vicarious liability because Defendant Ray himself is not liable to Plaintiff.

5

WITH PREJUDICE for failure to state a claim upon which relief can be granted.[3]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

---

[3] A dismissal for failure to state a claim upon which relief can be granted is a dismissal on the merits. *See Federated Dept. Stores, Inc., v. Moitie,* 452 U.S. 394, 399 n.3. (1981); *Pratt v. Ventas, Inc.,* 365 F.3d 514, 522 (6th Cir. 2004).

6

Case 1:11-cv-00078   Document 111   Filed 06/07/12   Page 6 of 6 PageID #: 288